# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JONATHAN ALLEN, | ) |
| Petitioner, | ) |
| v. | ) No.: 2:23-CV-156-CLC-CRW |
| AUSTIN SWING, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Jonathan Allen, a self-represented prisoner in the custody of the Tennessee Department of Correction ("TDOC"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that the Bedford County Jail failed to submit to the TDOC certain post-sentencing program credits he earned between October 2022 and July 2023 [Doc. 1]; (2) a "Request for Show Cause Order" [Doc. 8]; "Plaintiff's Request for Production of Documents, Interrogatories, and Requests for Admissions" [Doc. 9]; a "Motion for Discovery and Production of Documents and Admissions" [Doc. 13]; and a "Motion for Default Judgment" [Doc. 14]. Respondent filed his answer to the petition [Doc. 12] and the state-court record of Petitioner's criminal proceedings [Doc. 11]. Upon due consideration of the parties' arguments, the State-court record, and the applicable law, the Court finds that habeas relief should be **DENIED**, the petition **DISMISSED**, and Petitioner's motions [Docs. 8, 9, 13, 14] **DENIED** as moot.

## I. BACKGROUND

Petitioner pleaded guilty to an arson committed in Lincoln County, Tennessee, and received a sentence of four years and six months in confinement. *State v. Allen*, No. M2022-01400-CCA-R3-CD, 2023 WL 5817286, at *1 (Tenn. Crim. App. Sept. 8, 2023). On appeal,

Petitioner challenged the trial court's sentence and the decision not to sentence him to an alternative sentence. *Id*. He also argued that "the State's negligent handling of certain sentencing documents caused an unreasonable delay in his transfer from the jail to the prison thereby delaying the date of his parole hearing." *Id*.

The Tennessee Court of Criminal Appeals ("TCCA") did not find any error in the trial court's sentencing decisions, and it determined that Petitioner waived review of his claim that the documentation was negligently handled. *Id*. at *1, *6–7. It also found, notwithstanding Petitioner's waiver, that "there [was] no proof in the record to support" Petitioner's documentation claim. *Id*. at *7. Petitioner applied for discretionary review by the Tennessee Supreme Court [Doc. 11-12]. That application was denied on February 12, 2024, and a mandate issued the next day. *See* Tennessee State Courts, *Public Case History*, https://www.tncourts.gov/courts/supreme-court/public-case-history (search by case number "M2022-01400-SC-R11-CD") (last visited Mar. 11, 2024).

## II. ANALYSIS

This Court may issue the writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. And because Petitioner attacks the calculation of his sentence, § 2241 is the appropriate vehicle for his claim. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991))).

### A. Petitioner's Claim is Not Exhausted

A petitioner is required to exhaust his state court remedies before pursuing federal habeas review. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies"). Exhaustion is a "strictly enforced doctrine designed to promote comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Rayner v. Lee*, No. 3:18-CV-01103, 2020 WL 58610, at *4 (M.D. Tenn. Jan. 6, 2020) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Therefore, each claim–and the substance of each claim–must have been presented to the state courts as a federal constitutional claim before it is presented in a federal habeas petition. *See, e.g., Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

To properly exhaust a § 2241 claim concerning sentence calculation in Tennessee, a petitioner must first "seek a declaratory order regarding the sentence calculation from the Tennessee Department of Correction (TDOC)." *Bru'ton v. Tenn. Bd. of Paroles*, No. 3:18-CV-136, 2018 WL 6696913, at *4 (M.D. Tenn. Dec. 20, 2018) (citing *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012)); *see also Murphy v. Dep't of Corr*., No. 3:19-cv-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019). Then "[i]f TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." *Bru'ton*, 2018 WL 6696913, at *4 (citations omitted).

3

Case 2:23-cv-00156-CLC-CRW   Document 15   Filed 03/13/24   Page 3 of 6   PageID #: 795

Here, Petitioner did not follow these procedures. He claims that he pursued an administrative remedy from "Counselor Doug Echnerat" at "Bledsoe County Correction, TDOC" on "8-10" and that the "counselor sent emails [and] [g]ave [Petitioner] forms to file" [Doc. 1 at 3]. The Court agrees with Respondent that these statements illustrate that Petitioner has not properly exhausted his remedies under Tennessee law. And the exhaustion process is not futile in this case, as Petitioner's sentence does not expire until June 2025 [*Id*.]. Therefore, Petitioner has time to pursue his state remedies to fix any error in crediting his sentence. Accordingly, the Court cannot grant Petitioner relief on his unexhausted claim.

**B.    Petitioner's Claim is Not Cognizable**

The Court notes that, under limited circumstances, a federal court can stay an unexhausted action pending proper exhaustion. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 273, 277–78 (2005). But a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and where the "unexhausted claims are [not] plainly meritless." *Id*. at 277 (citations omitted).

There is no good cause to stay this case, as Petitioner's claim–that he is "owed work credits/program credits"–is not cognizable in a federal habeas action [Doc. 1 at 7]. This is because "[a] prisoner has no right under the federal constitution to earn or receive sentencing credits." *Rayner*, 2020 WL 58610, at *6 (quoting *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008)). And "[b]ecause Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review." *Grays*, 618 F. Supp. 2d at 747 (citing *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)). Accordingly, the petition will be **DISMISSED** with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1); se*e also Greene v. Tenn. Dep't of Corr*., 265 F.3d 369, 372 (6th Cir. 2001) (requiring prisoner to obtain a COA to appeal resolution of a § 2241 petition rejecting his challenge to his sentencing credit because his custody arose out of a state conviction). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because reasonable jurists would not debate that Petitioner's claim is unexhausted and non-cognizable, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus will be **DENIED**, this action **DISMISSED**, and Petitioner's motions [Docs. 8, 9, 13, 14] **DENIED** as moot. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**